IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **HELEN HAMLIN**, on behalf of herself and all others similarly situated, | Case No. |
| Plaintiff, | Judge |
| vs. | |
| **GORANT CHOCOLATIER, LLC**, | **COLLECTIVE AND CLASS ACTION COMPLAINT** |
| Defendant. | **JURY DEMAND ENDORSED HEREON** |

Plaintiff Helen Hamlin ("Plaintiff"), on behalf of herself and all others similarly situated, for her Complaint against Defendant Gorant Chocolatier, LLC ("Defendant"), states and alleges as follows:

## INTRODUCTION

1. This case challenges Defendant's policies and practices that violate the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219.

2. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. §216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and on behalf of himself or themselves and other employees similarly situated." Plaintiff brings this case on behalf of herself and other "similarly situated" persons who may join this case pursuant to §216(b) (the "Opt-Ins").

3. Plaintiff also brings this claim as a class action pursuant to Fed. R. Civ. P. 23 to remedy violations of the Ohio Minimum Fair Wage Standards Act ("OMFWSA") on behalf of all

hourly workers currently or previously employed by Defendant in Ohio within the two years preceding the filing of this Action.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this forum pursuant to 28 U.S.C. § 1391 because Defendant conducts business throughout this District and Division and because a substantial part of the events and omissions giving rise to Plaintiff's claims occurred in this District and Division.

6. The Court has supplemental jurisdiction over the asserted state law claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. Plaintiff is an adult individual residing in Youngstown, Ohio, in Mahoning County.

8. Within the three years preceding the filing of this Action, Plaintiff was employed by Defendant as a non-exempt employee who was paid on an hourly basis.

9. At all relevant times, Plaintiff was an employee within the meaning of 29 U.S.C. § 203(e).

10. Defendant Gorant Chocolatier, LLC is a for-profit Ohio limited liability company, with its principal place of business located in Boardman, Ohio. Defendant can be served through its statutory agent: Joseph Miller, 8301 Market Street, Boardman, Ohio 44512.

11. At all relevant times, Defendant was an employer within the meaning of 29 U.S.C. § 203(d).

12. At all relevant times, Defendant comprised an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

13. At all relevant times, Plaintiff was an employee engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

14. Plaintiff's written Consent to Join this Action was previously filed.

## FACTUAL ALLEGATIONS

15. Defendant is a manufacturer of chocolate candies.

16. Plaintiff and other similarly situated employees are non-exempt production employees whose job duties include the manufacturing, packaging, and handling of Defendant's food products for sale to the public.

17. In order to produce food products that are unadulterated and that comply with food safety laws and regulations, it is necessary for Plaintiff and other similarly situated employees to wear sanitary clothing, such as hair nets and a smock or apron, to perform their job duties.

18. In order to produce food products that are unadulterated and that comply with food safety laws and regulations, it is necessary for Plaintiff and other similarly situated employees to wash their hands prior to manufacturing, packaging, and handling Defendant's food products.

19. Therefore, the donning and doffing of sanitary clothing and washing of hands is integral and indispensable to the work performed by Defendant's employees who are involved in the manufacturing, packaging, and handling of food.

20. Prior to the start of their shifts, Plaintiff and other similarly situated employees are required to don the aforementioned sanitary clothing, and wash their hands.

21. The donning of sanitary clothing by Defendant's employees involved in the manufacturing, packaging, and handling of food is those employees' first principal activity of the day.

22. At the end of their shifts, Plaintiff and other similarly situated employees doff their sanitary clothing.

23. The doffing of sanitary clothing and other protective equipment by Defendant's employees involved in the manufacturing, packaging, and handling of food is those employees' last principal activity of the day.

24. Plaintiff was employed by Defendant for approximately 2 years as an hourly, non-exempt production employee involved in the manufacturing, packaging, and handling of food, until her separation in May 2019.

25. Other similarly situated production employees are and were employed by Defendant as hourly, non-exempt production employees involved in the manufacturing, packaging, and handling of food.

26. Plaintiff and other similarly situated employees, as full-time employees, regularly worked over 40 hours in a workweek in the three years preceding the filing of this Action, including donning and doffing time and associated travel.

27. Plaintiff and other similarly situated employees were not paid for all of the time spent donning and doffing their sanitary clothing, washing their hands, or for associated travel.

28. As a result of Plaintiff and other similarly situated employees not being paid for all hours worked, Plaintiff and other similarly situated employees were not paid overtime compensation for all of the hours they worked in excess of forty (40) each workweek.

29. Defendant knowingly and willfully engaged in the above-mentioned violations of the FLSA.

30. Upon information and belief, Defendant failed to make, keep, and preserve records of the required and unpaid work performed by Plaintiffs and other similarly situated employees.

31. The amount of time Plaintiffs and other similarly situated employees spent performing unpaid work was approximately ten minutes or more each day.

## COLLECTIVE ACTION ALLEGATIONS

32. Plaintiff brings this action on her own behalf pursuant to 29 U.S.C. § 216(b), and on behalf of all other similarly situated persons who have been, are being, or will be, adversely affected by Defendant's unlawful conduct.

33. The class that Plaintiff seeks to represent and for whom Plaintiff seeks the right to send "opt-in" notices for purposes of the collective action, and of which Plaintiff is herself a member, is composed of and defined as follows:

> **All current and former employees of Defendant who were required to don and doff sanitary clothing and wash their hands, but were not paid for that time within the three (3) years preceding the date of the filing of this Action to the present**.

34. This action is maintainable as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) as to claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA. In addition to Plaintiff, numerous current and former employees are similarly situated with regard to their claims for unpaid wages and damages. Plaintiff is representative of those other employees and are acting on behalf of their interests as well as her own in bringing this action.

35. These similarly situated employees are known to Defendant and are readily identifiable through Defendant's payroll records. These individuals may readily be notified of this action and allowed to opt-in pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for unpaid overtime compensation, liquidated damages, attorneys' fees and costs under the FLSA.

## OHIO CLASS ACTION ALLEGATIONS

36. Plaintiff brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of herself and all other current or former employees employed by Defendant in Ohio within the last two years ("Ohio Class") defined as:

> **All current and former employees of Defendant who were required to don and doff sanitary clothing and wash their hands, but were not paid for that time within the two (2) years preceding the date of the filing of this Action to the present.**

37. The class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Class but, upon information and belief, aver that it consists of at least seventy-five people.

38. There are questions of law or fact common to the Ohio Class including: whether Defendant failed to pay its employees for donning and doffing time and associated travel, and whether that resulted in the underpayment of overtime.

39. Plaintiff will adequately protect the interests of the Ohio Class. Her interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio Class in this case.

40. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine Defendant's liability to the Ohio Class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

41. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and

demands on court resources. Many Ohio Class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (FLSA Overtime Violations)

42. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. Defendant's practice and policy of not paying Plaintiff and other similarly situated employees for all time worked and overtime compensation at a rate of one and one-half times their regular rate of pay for all hours worked over forty (40) each workweek violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 785.24.

44. Defendant's failure to keep records of all hours worked for each workday and the total hours worked each workweek by Plaintiff and other similarly situated employees violated the FLSA, 29 U.S.C. §§ 201-219, 29 C.F.R. § 516.2(a)(7).

45. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the FLSA.

46. As a result of Defendant's practices and policies, Plaintiff and other similarly situated employees have been damaged in that they have not received wages due to them pursuant to the FLSA.

## COUNT TWO
### (Ohio Overtime Violations)

47. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

48. Defendant's practice of not paying Plaintiff and other similarly situated employees for donning or doffing time and associated travel each day resulted in the underpayment of overtime in violation of Ohio law.

49. As a result of Defendant's practices, Plaintiff and other similarly situated Ohio Class employees have been damaged in that they have not received wages due to them pursuant to Ohio's wage and hour laws.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, on behalf of herself and all persons similarly situated, prays that this Honorable Court:

A. Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly situated persons informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendant and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class;

C. Award Plaintiff and the putative class actual damages for unpaid wages;

D. Award Plaintiff and the putative class liquidated damages equal in amount to the unpaid wages found due to Plaintiffs and the putative class;

E. Award Plaintiff and the putative class pre-judgment and post-judgment interest at the statutory rate;

F. Award Plaintiff and the putative class attorneys' fees, costs, and disbursements; and

G. Award Plaintiff and the putative class further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Shannon M. Draher*
Shannon M. Draher (0074304)
Hans A. Nilges (0076017)
7266 Portage St., N.W., Suite D
Massillon, Ohio 44646
Telephone: 330-470-4428
Facsimile: 330-754-1430
Email: sdraher@ohlaborlaw.com
hans@ohlaborlaw.com

Jeffrey J. Moyle (0084854)
614 West Superior Avenue, Suite 1148
Cleveland, Ohio 44113
Telephone: 216-230-2955
Facsimile: 330-754-1430
Email: jmoyle@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiffs demands a trial by jury on all eligible claims and issues.

*/s/ Shannon M. Draher*
Shannon M. Draher

*Counsel for Plaintiff*