IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **HELEN HAMLIN**, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) Case No. 4:20-cv-117 ) ) Judge Benita Y. Pearson ) |
| vs. | ) ) ) |
| **GORANT CHOCOLATIER, LLC**, | ) ) |
| Defendant. | ) |

**JOINT MOTION FOR FINAL APPROVAL OF RULE 23 CLASS ACTION SETTLEMENT**

Representative Plaintiff Helen Hamlin ("Representative Plaintiff"), on behalf of herself and members of the Rule 23 Class (the "Class" or the "Class Members"), and Defendant Gorant Chocolatier, LLC ("Defendant") respectfully request that this Honorable Court enter an order approving, as fair, reasonable, and adequate, the settlement of this class action pursuant to Fed. R. Civ. P. 23(e). A proposed Final Order and Judgment Entry is attached as Exhibit 1. The reasons for this Motion are as follows:

**I.     PROCEDURAL HISTORY**

On January 17, 2020, Plaintiff filed this Action, alleging that Defendant violated the Fair Labor Standards Act ("FLSA") and the Ohio Minimum Fair Wage Standards Act ("OMFWSA") by failing to pay Plaintiff and other similarly situated employees all of their overtime pay. (ECF #1). Specifically, Plaintiff alleged that Defendant's food production employees were required to don and doff sanitary clothing but were not paid for that time, causing them not to be paid all of the overtime compensation to which they were entitled. (*Id.*). On March 13, 2020, Defendant filed

its Answer to Plaintiff's Complaint, in which Defendant denied Plaintiff's material allegations, and denied that it violated any federal or state law. (ECF #8).

After conducting some written discovery, the Parties reached an agreement to resolve this case on October 14, 2020. On February 26, 2021, this Court approved the FLSA settlement and granted preliminary approval of the Rule 23 settlement. (ECF #30). The Court also directed the Parties to send notice to putative members of Class informing them of the pendency of this action, the proposed settlement, and the date of a Fairness Hearing. (*Id.*).

The Parties engaged Analytics Consulting, LLC ("Analytics") as the Settlement Administrator. (*See* Declaration of Jeff Mitchell (hereinafter "Mitchell Dec.") attached as Exhibit 2, at ¶ 4). Analytics was provided with a list that contained the names and last-known mailing addresses for the 92 members the Class. (Mitchell Dec. at ¶ 6). On March 12, 2021, Analytics mailed by first-class mail the Court-approved "Notice of Proposed Settlement of Class Action and Fairness Hearing" to Class Members. (*Id.* at ¶ 8). The Notice gave Class Members forty-five days, until April 26, 2021, to opt out or object to the settlement. (*Id.* at ¶ 10). No Class Members opted-out of the settlement, and none objected to the settlement. (*Id.* at ¶ 10-11).

Having completed the notice process, the Parties now move this Court for final approval of the settlement.

## II. LAW AND ANALYSIS

### A. The Standard For Approval Of An FLSA Collective and Class Action Settlement.

"Before approving a binding settlement, the Court must conclude that it is 'fair, reasonable, and adequate.'" *Kis v. Covelli Enters.*, No. 4:18-cv-54, 2020 U.S. Dist. LEXIS 93929, at *7 (N.D. Ohio May 29, 2020) (citing Fed.R.Civ.P. 23(e)(2)); *UAW v. Gen. Motors Corp.*, 497 F.3d 615, 631

(6th Cir. 2007). Under Fed.R.Civ.P. 23(e)(2), when making this determination Courts must consider whether:

    (A)    the class representatives and class counsel have adequately represented the class;

    (B)    the proposal was negotiated at arm's length;

    (C)    the relief provided for the class is adequate, taking into account:

        (i)    the costs, risks, and delay of trial and appeal;

        (ii)    the effectiveness of any proposed method of distributing relief to the class, including the method of processing class member claims;

        (iii)    the terms of any proposed award of attorney's fees, including timing of payment; and

        (iv)    any agreement required to be identified under Rule 23(e)(3); and

    (D)    the proposal treats class members equitably relative to each other.

Additionally, when determining whether a class action settlement is fair, reasonable, and adequate, Courts consider: (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest. *Kis*, 2020 U.S. Dist. LEXIS 93929 at *8.

    **B.**    **The Standard For Final Approval Has Been Met.**

In the Parties' Memorandum in Support of the Joint Motion for Final Approval of FLSA Settlement and Preliminary Approval of Rule 23 Class Action Settlement (ECF #29-1), the Parties analyzed each of the seven factors used in the Sixth Circuit to determine whether a class action settlement is fair, reasonable, and adequate. (*See*, ECF #29-1 at pp. 3-7). The arguments set forth in the Memorandum also demonstrate why settlement should be approved under the factors set forth in Fed.R.Civ.P. 23(e)(2).

First, Representative Plaintiff and class counsel have adequately represented the Collective and the Class, and the settlement was negotiated at arm's length. The settlement was reached after arms-length and good faith negotiations between the Parties, after each Party had the opportunity to evaluate Defendant's time and payroll data to determine the potential damages at issue if this case were to continue and if Plaintiff were to prevail on the merits. The Settlement Agreement resolves this matter on terms that, in class counsel's opinion, represents a substantial recovery by the Class without the inherent risk of loss should this case continue through litigation, trial, and appeal.

Second, the relief provided by the settlement is adequate. As set forth in the Memorandum in Support of Preliminary Approval, if this case did not settle, the Parties would engage in complex and lengthy litigation that could result in no recovery at all by the Collective and the Class. Furthermore, even if the Collective and the Class were to prevail on the merits, the amount of recovery is uncertain and something upon which the Parties continue to disagree.  In contrast, the settlement provides substantial relief on a class-wide basis, without any risk of loss. Indeed, the gross settlement amount of $73,000 exceeds 100% of the calculated amount of damages on a two-year basis, and represents approximately 87% of damages on a three-year basis. (*See*, ECF #29-1 at p. 7). Consequently, the settlement confers substantial relief on Class Members without the attendant risk of loss.

Finally, the settlement treats Collective Members and Class Members equitably relative to each other. Under the terms of the settlement, individual payments to Collective Members and Class Members will be calculated proportionally based on the number of workweeks each Collective Member and Class Member worked during the period of January 17, 2017 to July 15, 2020. As such, each Collective Member and Class Member will be compensated for alleged unpaid

4

wages in an amount that is proportional to the amount of time he or she was employed by Defendant within the period of time covered by the settlement.

In sum, the settlement confers substantial benefits on Collective Members and Class Members, eliminates any risk of loss should this case continue to be litigated, was negotiated on an arm's length basis with assistance from a Magistrate Judge, and is in the best interest of the Collective and the Class. Accordingly, for the reasons addressed herein and in the Joint Motion for Conditional Certification of FLSA Collective and Rule 23 Class and Preliminary Approval of FLSA Collective Settlement and Rule 23 Class Settlement, the Parties respectfully ask the Court to approve this settlement and enter the proposed Final Order and Judgment Entry attached as Exhibit 1.

Respectfully Submitted,

| | |
|---|---|
| */s/ Jeffrey Moyle* | */s/ Kenneth L. Lupo (with permission)* |
| Jeffrey J. Moyle (0084854) | Kenneth L. Lupo (0075559) |
| NILGES DRAHER LLC | Dane Lupo, Jr. (admitted *pro hac vice*) |
| 1360 E. 9th Street, Ste. 808 | Stephanie Scipione (admitted *pro hac vice*) |
| Suite 1148 | LUPO & KOCZKUR, P.C. |
| Cleveland, OH 44114 | 17000 Kercheval Avenue, Suite 200 |
| Telephone: (216) 230-2955 | Grosse Pointe, Michigan 48230-1570 |
| Fax: (330) 754-1430 | Telephone: (586) 532-5000 |
| jmoyle@ohlaborlaw.com | Fax: (586) 532-5001 |
| | kenlupo@lupokoczkur.com |
| Shannon M. Draher (0074304) | danelupojr@lupokoczkur.com |
| Hans A. Nilges (0076017) | sscipione@lupokoczkur.com |
| 7266 Portage Street N.W. | |
| Suite D | *Counsel for Defendants* |
| Massillon, OH 44646 | |
| Telephone: (330) 470-4428 | |
| Fax: (330) 754-1430 | |
| sdraher@ohlaborlaw.com | |
| hans@ohlaborlaw.com | |

*Counsel for Plaintiff*

5